E-FILED
Friday, 02 March, 2018 02:41:01 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EBONY DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-1067 |
| ) | |
| DEPARTMENT OF CHILDREN AND ) | |
| FAMILY SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

Now before the Court is Plaintiff Duncan's Motion for Leave to Proceed in forma pauperis (Doc. 2) and Motion to Request Counsel (Doc. 3). For the reasons set forth below, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is DENIED, Plaintiff's Motion to Request Counsel (Doc. 3) is DENIED, and this action is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Plaintiff Duncan filed a Complaint of Employment Discrimination (Doc. 1) on February 15, 2018, naming as Defendants the Illinois Department of Children and Family Services ("DCFS"); DCFS employees Andrea Detra, Erin Otterstrom, and Paula McClain; and Illinois State Fire Marshall Ron Fowler. Doc. 1, at 1, 8. Duncan states in her Complaint that she was employed but is no longer employed by the Defendants and that Defendants discriminated against her on the basis of age, race, and sex beginning on October 15, 2016. Attached to her Complaint is a copy of her Charge of Discrimination filed with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC"), as well as her Notice of Right to Sue. Doc 1, at 6, 7.

Duncan alleges in her Complaint that she has been a family childcare provider for 19 years. In 2016, Duncan applied to DCFS for a group daycare license. DCFS conducted a scheduled home visit on July 19, 2017, but denied her group daycare license a day before, on July 18, 2017. Plaintiff alleges that Defendants conspired together to falsify documents in order to deprive her of said license. Thereafter, she was forced to re-apply for her home childcare license, which was denied. Duncan alleges that she submitted an appeal of that decision, but it was also denied. Since that time, Duncan alleges that DCFS employees have refused to talk to her or provide her with information regarding the status of her applications or the reason for their denial. Duncan indicates in her Motion to Proceed in forma pauperis that she receives $1,000 each month for home childcare and her "family size is 5," but does not state the source of that income. Doc. 2, at 1. Duncan alleges that she has been discriminated against in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

## LEGAL STANDARD

Title 28, Section 1915 of the United States Code allows courts of the United States to authorize the commencement of a civil action without prepayment of filing fees by a plaintiff who submits an affidavit stating that they are unable to pay such fees. *Id*. § 1915(a)(1). However, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted[.]" *Id*. § 1915(e)(2)(B)(ii).

## DISCUSSION

The purported statutory basis for Duncan's claims of discrimination arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"). As

an initial matter, Duncan fails to state a claim for age discrimination. "Under the ADEA, an employer may not refuse to hire, discharge, or otherwise discriminate against any individual between forty and seventy years old with respect to his or her compensation, terms, conditions, or privileges of employment, because of that individual's age." *Oxman v. WLS-TV*, 846 F.2d 448, 452 (7th Cir. 1988); 29 U.S.C. §§ 623(a), 631(a). However, Duncan states in her Complaint that she is only 37 years of age. Doc. 1, at 6. Thus, she does not yet fall within the statutorily protected class of ages set forth in the ADEA, so her age discrimination claim must be dismissed. Moreover, Duncan fails to state claims against the individual Defendants because there is no individual liability under Title VII or the ADEA. See, e.g., *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

Second, Duncan fails to state a claim for employment discrimination under Title VII against DCFS. Title VII prohibits an employer from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Therefore, in order for Duncan to bring a Title VII claim against DCFS, she must show the existence of an employer-employee relationship. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015). However, "a plaintiff can, under certain limited circumstances, bring a claim against a defendant who is not his direct employer." *Id*. Courts employ a five-factor test to determine whether a plaintiff can bring a Title VII claim against someone other than her direct employer:

> (1) [The] extent of the [purported] employer's control and supervision over the worker, including directions on scheduling and performance of work, (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace, (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or

3

expectations.

*Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 929 (7th Cir. 2017) (quoting *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991)).

Here, Duncan attempts to base an employer-employee relationship on DCFS's licensing of day care home and group day care home childcare providers. See generally, *Overview of the Licensing Process*, Illinois Department of Children and Family Services, https://sunshine.dcfs.illinois.gov/Content/Licensing/BecomeLicensed.aspx (visited March 1, 2018). Applying the five-factor test set forth above, Duncan cannot establish the existence of an employer-employee relationship. First, DCFS's licensing process—which includes requirements such as a medical exam, high school diploma, relevant training and coursework, and liability insurance—controls who may operate a home day care business, but DCFS does not appear to supervise the provider once the license is obtained. See *id*. Nor does Duncan allege that DCFS is responsible for setting her schedule or directing her day-to-day duties.

The second factor does not appear to weigh in favor of or against finding an employer-employee relationship. The third factor, however, weighs heavily against such a finding. Duncan does not suggest that DCFS pays for the costs (i.e., housing, food, toys, diapers, cleaning supplies) of running her day care business. In fact, Duncan refers to her day care program as "my business" in her Complaint. Doc. 1, at 9. The fourth factor—method and form of payment and benefits—is ambiguous based on the record before the Court at this time. Duncan states in her Motion to Proceed in forma pauperis that she receives $1000 each month for home child care, but does not indicate whether that money is provided by DCFS or the parents of the children she supervises. Finally, the fifth factor—the length of the job commitment and/or expectations—also weighs against finding an employer-employee relationship. This is so because while obtaining a

license may be a prerequisite to operating a day care service, Duncan is not required to operate a day care service by virtue of the fact that she possesses a license.

Considered together, the above factors weigh heavily against finding an employer-employee relationship between DCFS and Duncan. Rather, Duncan's relationship with DCFS is similar to the relationship between a lawyer and a state bar, a restaurant owner and the health department, or even a driver and the secretary of state. In short, a regulatory entity is not an employer for the purposes of Title VII simply because it issues permits, licenses, or memberships necessary to one's employment.

Because Duncan cannot maintain an employment or age discrimination claim against Defendants, dismissal of her Complaint without prejudice is appropriate. However, that is not to say that Duncan has no legal remedy based on the allegations in her Complaint. She may pursue whatever appeal or review process is available within the DCFS, and if she feels that she was not afforded all process due to her, she may be able to maintain a lawsuit on that theory. But because it is clear that Duncan cannot state a claim for employment or age discrimination, this action must be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is DENIED, Plaintiff's Motion to Request Counsel (Doc. 3) is DENIED, and this action is DISMISSED WITH PREJUDICE.
This matter is now terminated.

Signed on this 2nd day of March, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge